UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIN ARMFIELD, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )    No. 1:08 CV 110 |
| | ) |
| KEY PLASTICS, LLC | ) |
| | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Now before this court is defendant's "Motion to Set Aside Default Entry Pursuant to FED. R. CIV. P. 55(c)." (Docket #9.) Plaintiff brought this action against her employer, Key Plastics, for alleged violations of the Family and Medical Leave Act, the Fair Labor Standards Act, and related Indiana employment law. (Docket #1 at 1.) Plaintiff properly served defendant's registered agent with a summons and copy of the complaint on May 1, 2008, which gave defendant twenty days, or until May 21, 2008, to respond to the complaint. *See* FED. R. CIV. P. 12(a). The agent sent the complaint via Federal Express to Key Plastic's president, Jim Marcotuli, but, according to defendant, the package was never opened and ended up lost. (Docket #10 at 4.) Defendant notes that Mr. Marcotuli was not associated with Key Plastic's day to day operations and that he was replaced as Key's president sometime in May. (*Id*.) After defendant failed to timely respond to the complaint, on May 30, 2008, plaintiff applied for an entry of default, which the clerk entered on June 3, 2008. (Docket #4; #8.) Defendant learned of this matter on June 2, 2008, during a routine review of its pending litigation and

subsequently filed its motion to set aside the default entry on June 5, 2008. (Docket #9.) For the reasons set forth below, defendant's motion will be **GRANTED**.

Entry of default may be set aside under RULE 55(c) for "good cause." FED. R. CIV. P. 55(c). The "good cause" to be shown is good cause for the judicial action, not good cause for the defendant's error. *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The fact that a default would result in a judgment requiring a defendant to pay damages disproportionate to any wrong done by the party constitutes good cause for judicial action, even if there is no good excuse for the defendant's inattention to the case. *Id.* Further, in the Seventh Circuit, a party moving to vacate an entry of default must show not only good cause for the judicial action, but also quick action to correct it and a meritorious defense to the plaintiff's complaint. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

Plaintiff has met each of the requirements here. There is good cause for vacating the entry of default because refusing to do so would amount to a sanction against defendant disproportionate to any harm caused by the slight delay. It is difficult to imagine any significant prejudice the plaintiff might have suffered as a result of such a short delay. Further, courts have a clear preference for adjudication on the merits, especially where, as here, there is no evidence of prejudice to the plaintiff asserting untimeliness. *See Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007) (describing the Seventh Circuit's "well established policy favoring a trial on the merits over a default judgment"). As to the other two requirements for vacating a default, defendant took quick action to correct its mistake, filing a motion to vacate the default

just a few days after default was entered. Furthermore, by alleging several alleged affirmative defenses, defendant has raised a meritorious defense. (*See* docket #10-4.)

For the reasons set forth above, the court hereby **ORDERS** the following:

(1) defendant's motion to set aside default entry (docket #9) is **GRANTED**;

(2) the clerk shall **SET ASIDE** the entry of default (docket #8);

(3) while the court recognizes that defendants attached a copy of their answer to their motion to set aside default, defendant must **file its answer separately** on or before Friday, June 23, 2008.

                                  **SO ORDERED.**

**DATED**: June 9, 2008.

                                  s/ James T. Moody
                                  JUDGE JAMES T. MOODY
                                  UNITED STATES DISTRICT COURT