# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERIN ARMFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08 CV 110 |
| | ) | |
| KEY PLASTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on the parties' cross-motions for summary judgment. (Def.'s Mot. for Summ. J., DE # 32; Pl.'s Mot. for Summ. J., DE # 29.) For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted in part and denied in part.

## I.    LEGAL STANDARD

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.*

(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to RULE 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996). The existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of taking the facts in the light most favorable to the nonmovant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the court's] review of the record requires that [the court] construe all inferences in favor of the party against whom the

motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). Mindful of these standards, the court now turns to the factual basis for the parties' motions and then to their substance.

## II.     BACKGROUND [1]

Plaintiff Erin Armfield began working for defendant Key Plastics, LLC, in 1994 in its Hartford City, Indiana, facility. In 1998, defendant provided plaintiff with an employee handbook. That handbook included an attendance policy, which was updated in June of 2001. The attendance policy included a requirement for employees to notify their manager of absences before the start of their shift and explained the consequences of a failure to follow the policy:

> If there is no prior knowledge of absence or tardiness, you must notify your supervisor / manager **before the start of your shift, or in an emergency, as soon as possible**.
> . . .
> If you do not call in before the start of your scheduled shift and do not report to work within sixty minutes from the start of your shift, the incident will be considered failure to give proper notification (No Call - No Show) . . . .
> . . .
> An associate, who fails to give **proper notification** on three (3) occasions during the calendar year, is considered to have voluntarily terminated his/her employment.

(Def.'s 2001 Updated Attendance Policy 1-2, DE # 34-5 at 1-2, (emphasis in original).) For convenience the court refers to the final quoted provision of the attendance policy as defendant's "three strikes" rule. The employee handbook also included a section

---

[1] The following facts are undisputed unless designated otherwise.

explaining defendant's policies with regard to the Family and Medical Leave Act ("FMLA"), which stated:

> [T]he associate shall provide the employer with not less than 30 days notice of the associate's intent to take leave. When the need for FMLA leave is not foreseeable (medical emergency) an associate must provide notice within no more than 1 or 2 working days of learning of the need for leave, unless circumstances are extraordinary.

(Def.'s Assoc. Handbook 40, DE # 34-4 at 6.) Plaintiff was familiar with defendant's no call / no show policy and understood that, as part of that policy, she was expected to notify defendant of an absence prior to the start of her shift. Further, plaintiff understood the "three strikes" rule (Pl.'s Dep. 54, DE # 34-9 at 17.) Plaintiff also was familiar with defendant's FMLA policy and how it worked and had taken FMLA leave before. (Pl.'s Dep. 42, DE # 34-9 at 6.)

In August of 2006, when the events leading up to this lawsuit took place, plaintiff's shifts began at 6:30 a.m. Plaintiff testified that on August 2, 2006, plaintiff woke up late and phoned her supervisor, Lori Adkins, to say that she was sick. Plaintiff testified that she was told that the absence would be considered a no call / no show. (Pl.'s Dep. 55, DE # 34-9 at 18.) That day defendant's human resources ("HR") supervisor, Mary Condon, was informed that plaintiff had called in sick on August 2 at 6:55 a.m. due to a dental problem. (Condon Dep. 20, DE # 34-10 at 6.) Plaintiff did not visit a health care practitioner on August 2 or August 3.

On August 4, plaintiff went to an appointment with a nurse practioner, who wrote a note stating that plaintiff would be off work from August 2 through August 16,

2006. (Pl.'s Dep. 50, DE # 34-9 at 13.) Medical certification documents authored by the nurse practitioner indicate that plaintiff was suffering from anxiety and depression due to ongoing unresolved issues at home. (DE # 34-13 at 3.) After her appointment, plaintiff contacted Condon to inform her that she had a medical excuse to miss work. During that conversation, plaintiff and Condon discussed the FMLA. After their conversation, Condon mailed plaintiff a set of FMLA and short-term disability forms. One of the forms was a medical certification form that needed to be completed by a health care professional. That same day, plaintiff's daughter picked up plaintiff's paycheck from defendant's facility and delivered the note plaintiff had received from her nurse practitioner. (Pl.'s Dep. 44-49; DE # 34-9 at 8-12.) Defendant did not issue plaintiff no call / no shows for her absences on August 3 or August 4.

Plaintiff and defendant had no communication between August 5 and August 15, 2006, other than to make arrangements for plaintiff's daughter to pick up another paycheck on August 11. On August 16, plaintiff returned to her nurse practitioner, who provided her with another note extending her time off until August 21. (Pl.'s Dep. 50-52, DE # 34-9 at 13-15; DE # 34-13 at 2.) After her appointment on August 16, plaintiff did not communicate to defendant that she would not be returning to work until August 21 because plaintiff believed that she had 15 days within which to report her absence. Plaintiff had a working telephone during this time period. (Pl.'s Dep. 53, DE # 34-9 at 16.)

Defendant expected plaintiff to report back to work on August 17, but plaintiff did not do so. Defendant issued plaintiff a second no call / no show for her August 17 absence. On August 18, plaintiff did not report to work, and defendant issued plaintiff a third no call / no show, and, in accordance with its attendance policy, terminated plaintiff's employment.[2] At some point on August 18, plaintiff left a voicemail for Condon stating that she would return to work on August 21. Condon returned plaintiff's call that same day and informed plaintiff that she had been terminated. After the phone call, plaintiff mailed defendant the second note she had received from her nurse practitioner.

On August 21, plaintiff's nurse practitioner completed a medical certification for plaintiff's absences. On August 22, plaintiff completed an application for a leave of absence for defendant. On September 6, defendant received the aforementioned completed forms.

On April 25, 2008, plaintiff filed the present lawsuit, alleging that defendant had violated the FMLA and the Fair Labor Standards Act ("FLSA"). The parties later stipulated to the dismissal of plaintiff's FLSA claims (DE # 28), but the FMLA claims remained. Both parties moved for summary judgment. Both motions are fully briefed and ready for ruling.

---

[2] The parties agree that plaintiff's accumulation of three no call / no shows was the sole basis for plaintiff's termination.

### III. DISCUSSION

#### A. Defendant's Motion for Summary Judgment

The FMLA creates a right of action for employees against their employer if the employer denies or otherwise interferes with their rights under the FMLA. 29 U.S.C.A. § 2615(a)(1) (2006). Among the substantive rights granted to an eligible employee by the FMLA are the right to 12 weeks of leave during any 12-month period due to an employee's serious health condition, *id.* § 2612(a)(1)(D), and the right upon the employee's return from leave to be restored to the position of employment (or its equivalent) held by the employee when the leave commenced. *Id.* § 2614(a)(1).

Plaintiff has clarified that she is asserting only a claim for *intereference* under the FMLA. (Pl.'s Resp. 2 n.1; DE # 40-1 at 2.) To prevail on a claim for interference, an employee must demonstrate that: (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her benefits to which she was entitled. *Smith v. Hope School,* 560 F.3d 694, 699 (7th Cir. 2009). When pursuing an interference claim under the FMLA, an employee need only demonstrate that her employer has denied her leave under the Act; she need not show discriminatory intent on the part of the employer. *Id.*

Plaintiff essentially argues that defendant interfered with her FMLA rights in four ways: (1) by considering plaintiff's August 2, 17, and 18 absences no call / no shows, triggering application of defendant's "three strikes" attendance policy and

resulting in plaintiff's termination; (2) by terminating plaintiff prior to the expiration of the 15-day window within which plaintiff was allowed to provide defendant with a medical certification; (3) by failing to notify plaintiff of her eligibility under the FMLA; (4) by failing to notify plaintiff of her obligations under the FMLA and the consequences for failing to meet them. Defendant has moved for summary judgment. The court analyzes defendant's motion for summary judgment as it applies to each of these permutations of plaintiff's interference claim in turn below. Then, the court addresses defendant's argument that plaintiff cannot establish the third element of any interference claim because she failed to return completed medical certification forms to defendant within the required 15-day period and therefore was not entitled to FMLA leave.

1.     *Defendant's Termination of Plaintiff for Violation of "Three Strikes"*
       *Attendance Policy*

Defendant claims that it fired plaintiff because, by failing to notify defendant of her absences in accordance with defendant's attendance policy, plaintiff accumulated three no call / no show days (specifically August 2, 17, and 18). Plaintiff claims that these dates were all subject to the protections of the FMLA, and that by punishing her for missing those days, defendant interfered with her FMLA rights. Defendant argues that there is no genuine issue of material fact as to any element of plaintiff's claim regarding its decision to terminate plaintiff, and that it is entitled to summary judgment.

In deciding defendant's motion for summary judgment as it relates to this particular alleged interference, the court need go no further than to address the fourth element of an FMLA interference claim: whether plaintiff provided sufficient notice of her intent to take leave. As explained below, there is a genuine issue of material fact as to this element, preventing the court from entering summary judgment for defendant. In order to analyze the issue of notice, however, one must first delve into the federal regulations promulgated in connection with the FMLA. The court applies the version of the FMLA regulations in effect as of August 2006, when these events occurred. Righi v. SMC Corp., 632 F.3d 404, 408 (7th Cir. 2011).

In determining whether an employee provided proper notice of leave under the FMLA, the regulations require an analysis of a threshold matter: whether the need for leave was "foreseeable" or "unforeseeable." *See* 29 C.F.R. § 825.302 (entitled "What notice does an employee have to give an employer when the need for FMLA leave is foreseeable?"); 29 C.F.R. § 825.303 (entitled "What are the requirements for an employee to furnish notice to an employer where the need for FMLA leave is not foreseeable?"). Unfortunately, the regulations do not clearly explain when leave is to be viewed as "foreseeable" or "unforeseeable."[3] How far in advance of a work day must an employee

---

[3] Courts have noted that, in attempting to provide guidance on the subject of employee notice, the FMLA regulations have actually confused the issues more than they have clarified them. *See, e.g., Strickland v. Water Works & Sewer Bd.,* 239 F.3d 1199, 1205 (11th Cir. 2001) (noting that trial court's "misinterpretation is understandable given the unartful and unfortunate use of language in the FMLA and its accompanying regulations").

know of her need to take leave for the need to be deemed "foreseeable?" One week? One day? One hour? The regulations do not answer these questions. As one court has aptly explained, "the regulations blur the distinction between ["foreseeable" and "unforeseeable" leave] because both, at bottom, require that an employee give notice as soon as practicable under the individual circumstances of the case." *Spraggins v. Knauf Fiber Glass GmbH, Inc.*, 401 F. Supp. 2d 1235, 1239 (M.D. Ala. 2005). An analysis of the regulations reveals the truth of the *Spraggins* court's statement.

Under Section 825.302, when the need for FMLA leave is "*foreseeable* based on . . . planned medical treatment for a serious health condition . . . of a family member," employees "must provide the employer at least 30 days advance notice before FMLA leave is to begin." 29 C.F.R. § 825.302(a) (emphasis added). The regulation further states that if leave is still "foreseeable," but the 30-day notice requirement "is not practicable, such as because of a lack of knowledge of approximately when leave will be required to begin, a change in circumstances, or a medical emergency, notice must be given as soon as practicable." *Id.* The regulation goes on to explain that "'[a]s soon as practicable' means as soon as both possible and practical, taking into account all of the facts and circumstances in the individual case. . . . '[A]s soon as practicable' ordinarily would mean at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee." *Id.* § 825.302(b). Employers "may also require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave." *Id.* § 825.302(d).

On the other hand, when the need for FMLA leave is *unforeseeable,* employees must simply give notice "as soon as practicable under the facts and circumstances of the particular case," meaning "within no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible." 29 C.F.R. § 825.303(a).[4]

In this case, neither party argues that plaintiff knew in advance that she was going to experience a bout of depression and anxiety in August of 2006, so the court is left with two possibilities under the FMLA regulations. Either: (1) plaintiff's need for FMLA leave was foreseeable, but 30 days advance notice was impracticable; or (2) plaintiff's need for FMLA leave was unforeseeable. *In either case,* plaintiff was required

---

[4] Defendant's handbook echoes the general sentiment of the FMLA regulations. The handbook states that an employee should provide not less than 30 days notice of the associate's intent to take leave. (Def.'s Assoc. Handbook 40, DE # 34-4 at 6.) The handbook further provides that "[w]hen the need for FMLA leave is not foreseeable (medical emergency) an associate must provide notice within no more than 1 or 2 working days of learning of the need for leave, unless circumstances are extraordinary." (*Id.*)

It is important to note that the FMLA provides a "substantive floor" of rights for employees. *Diaz v. Fort Wayne Foundry Corp.,* 131 F.3d 711, 713 (7th Cir. 1997). In other words, an employer may not make rules that are more restrictive than the requirements set forth by the FMLA and its regulations. (An employer may be *more* permissive than the FMLA, but it does not appear defendant has done so here.) In this case, defendant's handbook allows for less than 30 days notice only in the case of a medical emergency, unless circumstances are extraordinary. This arguably conflicts with the federal regulation that allows an employee to provide notice as soon as practicable when it is not practicable for her to provide 30 days advance notice of her need for foreseeable leave, regardless of the "emergency" nature of the situation. To the extent that defendant's handbook is more restrictive than the FMLA regulations, the FMLA regulations trump.

to provide notice of her need for FMLA leave "as soon as practicable." 29 C.F.R. § 825.302(a) & § 825.303(a). *In either case,* the regulations provide a one to two day window as a guidepost for interpreting the phrase "as soon as practicable." *Id.* § 825.302(b) & § 825.303(a).

Both parties argue at length about the one to two day window, offering different opinions (and some creative math on defendant's part) regarding when the two-day period began and when it ended. The parties have slightly misplaced their arguments. The FMLA regulations provide the one to two day window as a *guideline* to assist in deciding the real question: when was notice practicable under the circumstances? The issue of practicable notice is necessarily one of fact, linked to an employee's illness and its manifestations. *Price v. City of Fort Wayne,* 117 F.3d 1022, 1026 (7th Cir. 1997).

In this case, there are numerous genuine issues of material fact which must be resolved in order to determine when notice would have been practicable in this case. The court begins with plaintiff's August 2 absence. What medical issues was plaintiff experiencing on August 2? How far in advance, if at all, did plaintiff know she was not going to be at work on August 2? Defendant appears to doubt that plaintiff was experiencing depression or anxiety debilitating enough to prevent advance notice of plaintiff's August 2 absence, because defendant's H.R. supervisor, Condon, claims she received information that plaintiff was actually off work on August 2 because of a dental problem, not depression or anxiety. Complicating matters, the parties agree and

the record shows that plaintiff called in on August 2 with a generic report of being "sick."

Despite all of the confusion surrounding plaintiff's medical condition on August 2, plaintiff's medical records indicate that plaintiff was experiencing anxiety and depression from August 2 to August 21, 2006, sufficient to warrant time off of work for almost three weeks. This is at least sufficient to create a genuine issue of fact as to whether her need for leave on August 2 was foreseeable, whether she could have provided any advanced notice of her need for leave on August 2, and whether the notice she did provide was provided "as soon as practicable." 29 C.F.R. § 825.302(a) & § 825.303(a); *see Price,* 117 F.3d at 1026 (denying motion for summary judgment because issue of fact existed regarding employee's illnesses and manifestations and therefore whether employee gave practicable notice under FMLA). Therefore, the court cannot decide the issue of notice in defendant's favor as a matter of law, at least with regard to August 2.

Defendant points out that the FMLA regulations allow it to impose its "usual and customary notice and procedural requirements for requesting leave," 29 C.F.R. § 825.302(d), and that in this case it was merely enforcing its usual and customary requirement that employees provide notice of an absence prior to the start of a shift. Defendant is correct that the FMLA contains such a provision, but it appears in the regulation applicable to foreseeable leave. 29 C.F.R. § 825.302(d). Was plaintiff's August 2 absence foreseeable? Defendant suggests that it was, but a reasonable juror could find

otherwise. Plaintiff's medical condition could have made it impracticable for her to provide notice of her August 2 absence earlier than she did; this prevents the court from entering summary judgment for defendant. Defendant's own argument merely emphasizes what the court has already found: that there is a genuine issue of material fact as to the propriety of plaintiff's notice regarding her August 2 absence making the entry of summary judgment for defendant inappropriate.

Because the court finds that there exists a genuine issue of material fact as to whether plaintiff provided proper notice regarding her August 2 absence, the court need not go on to consider whether plaintiff provided proper notice with regard to her August 17 or 18 absences for purposes of defendant's motion. Even if the court found in defendant's favor as a matter of law with regard to plaintiff's August 17 and 18 absences, it would not change the fact that there is a question of fact regarding the lawfulness of defendant's decision to classify plaintiff's August 2 absence as a strike. In other words, because there is a genuine issue of material fact as to whether plaintiff provided proper notice with regard to *one* strike, defendant is not entitled to summary judgment on the issue of whether defendant violated the FMLA in applying its "three strikes" rule.

2.    *Defendant's Termination of Plaintiff Before Expiration of 15-Day Window to Provide Medical Certification*

Under FMLA regulations, an employer may require that an employee's request for FMLA leave be supported by a certification issued by the employee's health care

provider. 29 C.F.R. § 825.305(a). An employee is to be afforded at least fifteen (15) calendar days within which to return the requested certification. *Id.* § 825.305(b). Plaintiff claims that defendant failed to allow her 15 days within which to return a medical certification from her health care provider regarding her medical condition.

For purposes of this discussion the court adopts plaintiff's calculations and assumes that the first day of the 15-day period was August 4, the day Condon discussed the FMLA with plaintiff on the phone and sent FMLA-related materials to plaintiff in the mail. Defendant then terminated plaintiff fourteen days later, on August 18. (DE # 40-1 at 10-11.)[5] Plaintiff argues that it was improper for defendant to fire her before the expiration of fifteen days.

The FMLA "affords no relief unless the employee has been prejudiced by the violation." *Harrell v. U.S. Postal Service,* 445 F.3d 913, 928-29 (7th Cir. 2006) (citing *Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 88-90 (2002)). As the *Harrell* court aptly explained, *id.* at 929, an employer is liable only for compensation and benefits lost "by reason of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," *id.* § 2617(a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion, *id.* § 2617(a)(1)(B). Where a plaintiff is not harmed by an FMLA violation, Section 2617

_____

[5] Condon, defendant's H.R. supervisor, testified that defendant received plaintiff's completed medical certification form from her health care provider on September 6, 2006, after plaintiff had already been terminated for accumulating three no call / no shows. (Condon Dep. 49-51, DE # 31-3 at 6.)

provides no remedy, and summary judgment is appropriate. *Id.* ("Because Mr. Harrell was not harmed by the unauthorized contact with his physician, § 2617 provides him no remedy, including equitable relief, and the district court correctly granted the Postal Service summary judgment on this claim.").

The case plaintiff cites in support of her argument on this point itself illustrates why plaintiff's argument fails. In *Schober v. SMC Pneumatics, Inc.,* the case cited by plaintiff, the court held:

> [A] jury could reasonably find that SMC failed to give Ms. Schober the minimum amount of time within which to submit the Certification Form and that its termination of her employment, based in part on her failure to return the medical certification form, interfered with and denied her rights under the FMLA.

No. IP99-1285-C-T/G, 2000 WL 1231557, at *10 (S.D. Ind. 2000). In this case, neither party disputes that plaintiff was fired for accumulating three no call / no shows in violation of defendant's "three strikes" policy, not because she failed to return her medical certification. Whether plaintiff was harmed by an allegedly unlawful application of the "three strikes" policy remains to be determined by a finder of fact, but there is no evidence in the record that plaintiff was harmed *because of* defendant's alleged failure to wait to make any employment decisions until the expiration of the 15-day period. The FMLA does not provide for a fifteen-day amnesty period wherein an employee cannot be terminated for any reason while she seeks medical certification from her health care provider. Plaintiff fails to create any issues of fact sufficient to survive summary judgment with regard to this theory of interference because there is a

lack of evidence showing that plaintiff suffered any prejudice as a result of defendant's alleged interference.

### 3. *Defendant's Alleged Failure to Notify Plaintiff of Eligibility for FMLA Leave*

Plaintiff also claims that defendant failed to notify her of her eligibility for FMLA leave as plaintiff argues was required by 29 C.F.R. § 825.300(b). (DE # 40-1 at 12.) The requirement that an employer provide an employee with notice of her eligibility under the FMLA was incorporated into the FMLA regulations in 2009, when a series of changes was made to the notice procedures that employers were required to follow. *Compare* 29 C.F.R. § 825.300 (2011), *with* 29 C.F.R. § 825.300-301 (2006). The regulatory provision plaintiff references did not exist in August 2006 when this dispute arose, so it is inapplicable in this lawsuit. *Righi,* 632 F.3d at 408 (suit governed by FMLA regulations applicable at time events occurred).

In any event, there is no evidence suggesting that plaintiff would have been in any way prejudiced by defendant's alleged failure in this regard. Plaintiff testified that she was aware of the FMLA and defendant's FMLA policy, that she had taken FMLA leave before, and that she herself had requested FMLA paperwork for the absences at issue in this lawsuit. (*See, e.g.,* Pl. Dep. 42, 47, 49, DE # 39-4 at 6, 10, 12.) The evidence clearly indicates that plaintiff was aware of her eligibility for FMLA leave for her August 2006 absences. Thus, even if the 2009 changes to the regulations were applicable, the court would find that there is no genuine issue of material fact as to

whether plaintiff experienced any prejudice as a result of defendant's alleged failure to inform her of her eligibility for FMLA leave.

<p style="text-indent:2em">4.     *Defendant's Alleged Failure to Notify Plaintiff of Expectations and Obligations under the FMLA*</p>

Plaintiff also alleges that defendant did not provide her with notice detailing her specific expectations and obligations under the FMLA as an employee and explaining the consequences of a failure to meet those obligations (including the obligation to return her medical certification within 15 days). (Pl.'s Resp. 12-13; DE # 40-1 at 12-13.) Plaintiff cites to 29 C.F.R. § 825.300(c) (2011) in support of her argument, which did not exist in its present form when the events leading up to this lawsuit occurred in August of 2006; it was added with the 2009 amendments to the FMLA regulations. Plaintiff should have cited to Section 825.301(b)(1) (2006), which contained a very similar provision. That provision stated that an employer "shall . . . provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." 29 C.F.R. § 825.301(b)(1) (2006).

From the record it appears that defendant, in fact, did *not* notify plaintiff of her obligations under the FMLA or the consequences for a failure to meet those obligations. Plaintiff raised defendant's failure in this regard as an issue of fact that should prevent defendant from obtaining summary judgment in her response to defendant's motion, but defendant did not address the issue in its reply brief. Technically speaking, the

court holds that defendant is unable to point to a lack of facts supporting plaintiff's claim sufficient to meet its initial burden on its motion for summary judgment.

Even if somehow it had been able to do so, defendant's motion would still be denied because there exists a question of fact as to whether defendant's failure to notify plaintiff of her obligations and related consequences caused plaintiff prejudice by contributing to or causing her termination. A reasonable jury could believe that defendant's failure to inform plaintiff of her obligations under the FMLA contributed to plaintiff's confusion about the rules and deadlines applicable to her absences in August of 2006, and thus played a part in her ultimate termination. After all, there appears to be no dispute that defendant did not make any attempt to educate plaintiff about the requirements of the FMLA when plaintiff began taking leave in August 2006, and plaintiff's deposition testimony indicates that plaintiff was clearly confused about what was expected of her in terms of reporting her absences. (*See* Pl.'s Dep. 53, DE # 34-9 at 16 (testimony of plaintiff suggesting she believed she had 15 days within which to report the fact of an FMLA-qualifying absence)). On the other hand, a reasonable jury could find that defendant's failure to notify plaintiff of the requirements of the FMLA did not contribute to plaintiff's misunderstanding of her obligations. Plaintiff had taken FMLA leave before and was familiar with "how it worked" (Pl.'s Dep. 42; DE # 34-9 at 6), so plaintiff's supposed confusion about the FMLA's requirements might actually be disingenuous, or simply the result of something other than defendant's failure to notify her of her obligations and the consequences of not meeting them. The factual record is

simply not clear enough to decide the issue as a matter of law. Summary judgment for defendant on this point is inappropriate.

### 5. *Plaintiff's Failure to Timely Return Medical Certification*

Defendant mentions, somewhat in passing, that regardless of all of its own alleged missteps with regard to the requirements of the FMLA and its regulations, plaintiff was not entitled to FMLA leave because she failed to return completed medical certification forms to defendant within the required 15-day period. (Def.'s Memo. 9-10, DE # 33-1 at 8-9.) This argument is illogical and disingenuous. It was defendant's duty to notify plaintiff of her obligations under the FMLA with regard to medical certifications in the first place. 29 C.F.R. § 825.301(b)(1) (2006) (employer "shall . . . provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations"); 29 C.F.R. § 825.305(b, d) (2006) ("An employer must give notice of a requirement for medical certification each time a certification is required; such notice must be written notice  . . . . At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification."). An employer may not fail to notify an employee of expectations, obligations, and consequences, and then avoid liability because the employee has failed to meet those uncommunicated expectations and obligations. *See Rager v. Dade Behring, Inc.,* 210 F.3d 776, 778-79 (7th Cir. 2000)

(employer's own conduct can function to equitably estop it from asserting 15-day medical certification deadline as defense to liability under FMLA).

As explained above, there is a question of fact regarding whether plaintiff was prejudiced by defendant's failure to properly provide notice of her obligations under the FMLA including her obligations and any related consequences regarding the return of medical certifications. Accordingly, there is a question of fact as to whether plaintiff's failure to return her certification within the 15-day window was the result of defendant's own failure to abide by its notification duties under the FMLA regulations, preventing defendant from obtaining summary judgment on this issue.[6]

## B.    Plaintiff's Motion for Summary Judgment

Plaintiff has also moved for summary judgment in this case. A plaintiff moving for summary judgment on her own claims is faced with the challenge of convincing the court that no genuine issue of material fact exists with regard to her allegations, and that she should prevail as a matter of law. FED. R. CIV. P. 56(c). As one legal treatise has

---

[6] The court also notes that defendant terminated plaintiff *before* the conclusion of the 15-day period for reasons unrelated to the medical certification forms. It is impossible to say when plaintiff would have returned her forms had she not been terminated; it is not much of a stretch to imagine that fired employees might consider the issue of medical certifications moot and choose not return the forms at all. In this case, plaintiff ultimately returned her medical certification despite her termination. It is hardly in the spirit of the FMLA or its regulations to allow defendant to use this fact as a sword to allege that plaintiff did not abide by its obligations under the FMLA. Plaintiff was not allowed the opportunity to return her medical certification forms with 15 days while employed with defendant, and the court will not indulge defendant in hypothesizing that plaintiff would have failed to do so even if she had been given that opportunity.

aptly summarized, a plaintiff moving for summary judgment must essentially show that the evidence is so powerful that no reasonable jury would be free to disbelieve it. *See* MOORE'S FED. PRACTICE 3d, § 56.13[1].

The court has already held that there are two permutations of plaintiff's interference cause of action for which *defendant* is entitled to summary judgment, specifically plaintiff's allegations that defendant interfered with her FMLA rights by: (1) failing to notify plaintiff of her eligibility to take FMLA leave; and (2) terminating her before the expiration of the 15-day allowance for return of medical certification. Obviously, then, plaintiff is not entitled to summary judgment with regard to those allegations.

Two factual bases for plaintiff's interference claim remain for consideration with regard to *plaintiff's* motion for summary judgment: plaintiff's allegations that (1) defendant terminated her through unlawful application of its "three strikes" absence policy; and (2) defendant failed to notify her of her expectations and obligations under the FMLA, plus the consequences of a failure to meet those expectations. For the reasons set forth below, plaintiff is not entitled to summary judgment with regard to either allegation.

       *1.     Defendant's Termination of Plaintiff for Violation of "Three Strikes" Attendance Policy*

Plaintiff first argues that she is entitled to summary judgment because defendant terminated her for violating defendant's "three strikes" attendance policy. Plaintiff

argues that her August 2, 17, and 18 absences were protected by the FMLA and could not be counted against her. The court has already discussed these allegations with regard to defendant's motion for summary judgment. As explained above, one of the elements plaintiff must prove in order to succeed on her interference claim is that she provided proper notice of her need for FMLA leave. The ultimate issue is whether plaintiff provided notice of her need for FMLA leave "as soon as practicable." 29 C.F.R. § 825.302(b) & § 825.303(a). As the court previously articulated, the issue of practicable notice is a factual one, dependent on an employee's illness and its manifestations. *Price*, 117 F.3d at 1026.

Defendant was not entitled to summary judgment on this issue because there existed a genuine issue of material fact as to the nature and extent of plaintiff's medical condition on August 2, which made it impossible for the court to determine as a matter of law whether plaintiff provided notice of her absence "as soon as practicable." Plaintiff is not entitled to summary judgment for the same reason. As the party bearing the ultimate burden of persuasion at trial, plaintiff must prove that she gave proper notice of her need for FMLA leave for each of her absences, but there is an issue of fact as to whether plaintiff gave proper notice with regard to her August 2 absence. Because there is an issue of fact as to one of the elements of plaintiff's claim – the element of proper notice – the court cannot grant plaintiff's motion for summary judgment with respect to whether defendant interfered with plaintiff's FMLA rights by improperly applying its "three strikes" rule.

2.     *Defendant's Alleged Failure to Notify Plaintiff of Expectations and Obligations under the FMLA*

Plaintiff also moves for summary judgment on her allegations that defendant did not provide her with notice detailing her specific expectations and obligations under the FMLA and explaining the consequences of a failure to meet these obligations, including the obligation to return her medical certification within 15 days. 29 C.F.R. § 825.301(b)(1) (2006). As stated above, based on the evidence currently before the court, it appears that defendant did *not* notify plaintiff of her expectations and obligations under the FMLA or the consequences for a failure to meet those obligations.

Nonetheless, plaintiff still must show that this shortcoming prejudiced her in some way. *Harrell,* 445 F.3d at 928-29. If plaintiff can demonstrate that defendant's failure to fulfill its notification obligations under the FMLA regulations interfered with plaintiff's exercise of her own FMLA rights, then plaintiff may ultimately prevail at trial. For the time being, however, the record does not contain facts so compelling that no reasonable juror could find for defendant on the issue of prejudice. As explained above with regard to defendant's motion for summary judgment, a jury could believe that defendant's failure to inform plaintiff of her obligations under the FMLA contributed to plaintiff's confusion about the rules and deadlines applicable to her absences in August of 2006, but a jury could also disbelieve that theory. Summary judgment for plaintiff on this point is inappropriate.

**IV.     CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment (DE # 29) is

**DENIED**, and defendant's motion for summary judgment (DE # 32) is **DENIED in part,**

and **GRANTED in part** consistent with this order. The parties' joint motion to dismiss

with prejudice Counts II and III of the complaint (DE # 28) is **GRANTED**. Defendant's

motion to restrict view of its exhibits due to the existence of personal information (DE

# 36) is also **GRANTED**.

<div align="center">

**SO ORDERED.**

</div>

Date: July 22, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT